# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**ELIJAH SIMS AND JUATASSA SIMS,**                                            **PLAINTIFFS,**

**VS.**                                 **CIVIL ACTION NO. 2:07CV036-P-A**

**UNITED STATES OF AMERICA,**                                                   **DEFENDANTS.**

## MEMORANDUM OPINION

This matter comes before the court upon the Government's Motion to Strike Plaintiffs' Expert Witnesses [51]. After due consideration of the motion and the responses filed thereto, the court is prepared to rule.

## I. FACTUAL BACKGROUND

The plaintiffs filed this medical malpractice action against the VA Medical Center in Memphis, Tennessee on March 6, 2007.

The Government filed the instant motion to strike the plaintiffs' expert witnesses arguing that (a) the expert testimony of Drs. Marks, Green, Klein, Alpert, and Adams should be stricken for failure to comply with Tennessee's "locality rule," Tenn. Code Ann. § 29-26-115, which requires *inter alia* that each of them demonstrate their specific familiarity with the standard of care in Memphis, Tennessee; and (b) the expert testimony of Haroom Choudhri, a physician, as well as that of Thomas Christiansen and W.P. Culbertson, experts on future medical costs and economic damages respectively, should be stricken for failure to provide a complete opinion with their designation as required by Fed. R. Civ. P. 26(a)(2)(B).

In response, the plaintiffs argue that the five physician experts should not be stricken for failure to comply with the locality rule since the plaintiffs attached to their response five affidavits

1

demonstrating that each of them are specifically familiar with the standard of care in Memphis, TN as required by Tenn. Code Ann. § 29-26-115. The plaintiffs aver that initial failure to comply with the locality rule was a technical oversight and resulted in no prejudice to the USA.

The plaintiffs did not address the Government's argument that the testimony of Choudhri, Christiansen and Culbertson should be stricken for failure to attach their opinions to the designation as required by Fed. R. Civ. P. 26(a)(2). However, in their reply brief, the Government notes that the plaintiffs withdrew the designations of Choudhri, Christiansen, and Culbertson. Accordingly, the motion to strike these experts should be granted.

In its reply, the Government argues that since the plaintiff's expert designation deadline passed on November 12, 2008, the filing of the five affidavits with the plaintiffs' response brief on February 20, 2009 was an untimely supplementation of the expert reports and qualifications. Furthermore, the Government contends that since Tenn. Code Ann. § 29-26-116(b) states that an expert physician shall not be competent to testify regarding the standard of care without complying the locality rule, the plaintiffs' five physician experts were not competent to testify by the expert designation deadline on November 12, 2008. The Government also posits that Dr. Adams's testimony should be stricken because he is not from a contiguous border state, as required by Tennessee's locality rule. Rather, the Government argues that Dr. Adams only practiced in Georgia at a point in time that the plaintiff was being treated at the VA Medical Center in Memphis, which does not cure the locality rule defect since his affidavit fails to state how the community in Georgia is similar to that in Memphis, Tennessee.

## II. DISCUSSION

### A. Dr. Robert Joseph Adams

It is undisputed that Tenn. Code Ann. § 29-26-115 is applicable in this action. It is also undisputed that § 29-26-115(b) requires *inter alia* that a physician expert is licensed to practice in Tennessee or a contiguous border state and has "practiced this profession or specialty in one (1) of these states during the year preceding the date that the alleged injury or wrongful act occurred."

In his affidavit attached to the plaintiffs' February 20, 2009 response in opposition to the Government's motion to strike, Dr. Adams avers that he has been licensed to practice medicine in Georgia (which is a contiguous border state to Tennessee) and practiced in Georgia in 2004. He also states, however, that he practices medicine in South Carolina, which is not a contiguous border state. The plaintiffs maintain that the alleged malpractice at the VA occurred after December 26, 2004 when he was first admitted.

The question arises whether Dr. Adams's affidavit complies with § 29-26-115(b) given that the community in which he practices – Charleston, South Carolina – is not contiguous to Tennessee and given that the comparison he makes in his affidavit is between Charleston, South Carolina and Memphis, Tennessee rather than between Tennessee and Georgia – in the latter of which Dr. Adams is licensed.

> Subsection (a)(1) of § 29-26-115(b) provides:
>
> In a malpractice action, the claimant shall have the burden of proving by evidence **as provided by subsection (b)**: (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices **in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred** ....

3

Tenn. Code Ann. § 29-26-115(a)(1) (1980) (emphasis added)

> Subsection (b) of § 29-26-115(b) provides:
>
> No person in a health care profession requiring licensure under the laws of this state shall be competent to testify in any court of law to establish the facts required to be established by subsection (a), **unless the person was licensed to practice in the state or a contiguous bordering state** a profession or specialty which would make the person's expert testimony relevant to the issues in the case **and had practiced this profession or specialty in one (1) of these states during the year preceding the date that the alleged injury or wrongful act occurred.** This rule shall apply to expert witnesses testifying for the defendant as rebuttal witnesses. The court may waive this subsection (b) when it determines that the appropriate witnesses otherwise would not be available.

Tenn. Code Ann. § 29-26-115(b) (1980) (emphasis added).

Thus, when reading subsection (a)(1) along with (b), it becomes clear that the comparison community must be in a contiguous border state. Since Dr. Adams's comparison community is located in a non-contiguous border state, the court must conclude that his testimony must be stricken for noncompliance with Tenn. Code Ann. § 29-26-115. Accordingly, the Government's motion to strike should be granted in this regard.

### **B. Drs. Marks, Green, Klein, and Alpert**

The Government does not appear to contend that the four remaining affidavits do not, in and of themselves, comply with § 29-26-115. Rather, the Government argues that Drs. Marks, Green, Klein, and Alpert should be prevented from testifying because they did not comply with the locality rule in a timely manner – *i.e.*, by the plaintiffs' expert designation deadline of November 12, 2008. Instead, the subject affidavits were attached the plaintiffs' response brief to the Government's motion to strike on February 20, 2008 – over three months after the deadline to do so.

4

In any event, the court concludes that the remaining affidavits comply with § 29-26-115. In *Eckler v. Allen*, 231 S.W.3d 379 (Tenn. Ct. App. 2007), discussed by both parties, the Tennessee Court of Appeals observed that under the locality rule, "knowledge of the applicable standard of care must be either firsthand knowledge of the standard of care by one who practices in the community in which the defendant practices, **or** firsthand knowledge by one who practices in a community demonstrated to be similar to that of the defendant." *Id*. at 387 (emphasis added). The affidavits of Drs. Marks, Green, Klein, and Alpert demonstrate that each physician practices in a community in a contiguous state **and** shows sufficient demographic and other data demonstrating the similarity between their own communities and that of Memphis, Tennessee.

The next question is whether the affidavits of Drs. Marks, Green, Klein, and Alpert were untimely. It is undisputed that pursuant to the language of § 29-26-115, a physician is not deemed competent to testify unless he complies with the locality rule. The Government is correct, therefore, that at the November 8, 2008 expert designation deadline, these physicians were not technically competent to testify at that time. Rather, it was not until over three months after the deadline that the plaintiffs' counsel filed the affidavits. Indeed, plaintiffs' counsel admitted the error and argues that it was merely a technical oversight.

Federal Rule of Civil Procedure 26(a)(2)(B) requires *inter alia* that a party file an expert report that contains the expert's qualifications by the expert designation line. The enforcement mechanism of this rule is found in Rule 37(c). According to the Fifth Circuit: "When a district court strikes a party's designation of expert witnesses and excludes their testimony as a sanction for violation of a discovery order, we determine whether the court's action is an abuse of discretion by examining four factors: (1) the importance of the witnesses' testimony; (2) the prejudice to the

5

opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to comply with the discovery order." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 572 (5th Cir. 1996).

The court concludes that consideration of these four factors weigh in favor of denying the Government's motion to strike the testimony of Drs. Marks, Green, Klein, and Alpert. First, the testimony of each of them is important given that this is a medical malpractice case and they will be testifying regarding the standard of care, Mr. Sims's injuries, causation, and damages. Second, though the defendant will be prejudiced in the sense that a granting of their motion may very well lead to a dismissal of the plaintiffs' case, the court concludes that the prejudice suffered by not having the affidavits is minimal since the information contained therein does not go to the substance of the experts' primary opinions. As to the third element, though the defendant did not request a continuance of trial, the court is willing to grant one in the event the Government requires additional time to investigate the new information given in the affidavits and moves for a continuance. Fourth, the plaintiffs' explanation that their failure to timely comply with the locality rule was a technical oversight is plausible and understandable, especially given that the plaintiffs' counsel practices in Mississippi and California and not Tennessee. Upon information and belief, none of the plaintiffs' three lawyers are members of the Tennessee bar.

### III. CONCLUSION

For the reasons discussed above, the court concludes that the Government's Motion to Strike Plaintiffs' Expert Witnesses [51] should be granted insofar as the testimony of Haroom Choudhri, Thomas Christiansen, W.P. Culbertson, and Robert Joseph Adams should be stricken. The motion

should be denied as to the testimony of Drs. Marks, Green, Klein, and Alpert. Accordingly, an Order shall issue forthwith,

**THIS DAY** of March 25, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE