# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**ELIJAH SIMS & JUATASSA SIMS,**                                **PLAINTIFFS,**

**VS.**                                             **CIVIL ACTION NO. 2:07CV036-P-A**

**UNITED STATES OF AMERICA,**                                **DEFENDANT.**

## ORDER

This matter comes before the court upon the plaintiff's motion to strike the defendant's expert witnesses [66]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

In their motion the plaintiffs seek exclusion of the Government's expert witnesses John Brophy, M.D. and David George, M.D. for failure to provide a *curriculum vitae* as required by Fed. R. Civ. P. 26(a)(2)(B). The plaintiff's also seek to exclude the testimony of the Government's 70 treating physicians listed in the Defendant's Designation of Experts.

The Government concedes that it failed to provide a CV for Dr. Brophy and that therefore his testimony should be excluded. However, the Government has demonstrated, without objection, that it did provide the plaintiff with the CV for Dr. George. Accordingly, the plaintiff's motion should be denied in this regard.

With respect to the 70 designated treating physicians, the plaintiffs are correct that such a number is unduly burdensome, not only in terms of discovery by the plaintiffs, but also in terms of how the court would handle such a large number of witnesses during trial. Thus, the court concludes that the plaintiff's motion should be granted in this regard insofar as it seeks to (a) decrease the number of designated treated physicians who may testify at trial; and (b) limit the utilized treating physicians to testifying as to their own medical records as opposed to offering opinions outside of

the information in the medical records.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The plaintiff's motion to exclude the defendant's expert witnesses [66] is **GRANTED IN PART AND DENIED IN PART**; specifically,

(2) The motion is granted insofar as the testimony of John Brophy, M.D. is excluded from trial;

(3) The motion is granted insofar as the Government must specifically demonstrate to the court (a) how many treating physicians they in good faith intend to call; (b) why more than five would be necessary; furthermore, the designated treating physicians who are called are limited to testifying regarding their medical records only and not opinions outside of those records;

(4) The motion is denied insofar as it seeks exclusion of all 70 of the government' designated treating physicians; and

(5) The motion is denied insofar as it seeks exclusion of David George, M.D.'s testimony.

**SO ORDERED** this the 28th day of May, A.D., 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE